No. 14,630.

POTTER v. McCORMACK ET AL.

PRACTICE.—*Motions in Arrest of Judgment and for a Venire de Novo.—When Must be Made.*—A motion in arrest of judgment and a motion for a *venire de novo* must precede the rendition of the judgment, and can not be considered if not made until after judgment has been rendered.

SAME.—*Defective Verdict.*—A motion in arrest of judgment will not reach a defective verdict.

COUNTY COMMISSIONERS.—*Highway.—Establishment of.—Appeal.—Questions Triable — Verdict.*—On appeal to the circuit court from the county commissioners in highway cases, only such questions are for trial as were in issue before the commissioners, or, as may, by leave of court, be put in issue by amended pleadings, and if the verdict covers these matters it is sufficient.

From the Tippecanoe Circuit Court.

A. Rice and W. S. Potter, for appellant.

J. F. McHugh, for appellees.

McBRIDE, J.—This was a proceeding commenced before the board of commissioners of Tippecanoe county by the appellant for the establishment of a highway.

The appellant appeared and filed a remonstrance on the ground that the highway would not be of public utility.

On motion of appellees his remonstrance was dismissed by the board of commissioners, who thereupon made an order establishing the highway. Appellant appealed to the circuit court, where, on leave granted, he filed an amended remonstrance, alleging, as in his original remonstrance, as the only ground of objection, that said proposed highway would not be of public utility. The cause was tried by a jury. The jury returned a general verdict for the appellees, the petitioners, and found that the proposed highway would be of public utility, giving a description of it, with its width, etc. Appellant then moved for a new trial. This motion was made on the 24th day of October, 1887, and on the 26th day of October the court overruled the motion and rendered judgment on the verdict for the appellees, establishing the highway, and for costs.

On the 27th day of October, 1887, appellant moved the court in arrest of judgment. This motion was overruled, and appellant moved the court for a *venire de novo*. This motion was also overruled. The appellant saved the several questions thus presented by proper exceptions.

The only questions presented to this court are that the court erred in overruling,

1. The motion in arrest of judgment, and,
2. The motion for a *venire de novo*.

These motions both came too late to be of any avail to appellant. A motion in arrest of judgment must precede the rendition of the judgment, and can not be considered if not made until after judgment has been rendered. *Hansher* v. *Hanshew*, 94 Ind. 208; *Brownlee* v. *Hare*, 64 Ind. 311.

This is also true of a motion for a *venire de novo*. Works Practice, section 974; *Shaw* v. *Merchants National Bank*, 60 Ind. 83.

Even if these motions had been made in proper time, they present no question upon which we would be justified in reversing the case. Appellant only seeks, by the motion in arrest of judgment, to attack the verdict, which, he insists,

is defective. A motion in arrest of judgment will not reach a defective verdict. Works Practice, section 1045; Buskirk Practice, p. 264; *Adamson* v. *Rose*, 30 Ind. 380; *Waugh* v. *Waugh*, 47 Ind. 580.

The motion for a *venire de novo*, made in season, will reach a defect of the character which appellant insists makes this verdict bad. Under the ruling of this court, in *Mathews* v. *Droud*, 114 Ind. 268, the verdict was sufficient. It is there held, that on appeal to the circuit court from the county commissioners in highway cases, only such questions are for trial as were in issue before the commissioners, or as may by leave of court be put in issue by amended pleadings, and if the verdict covers these matters, it is sufficient. Judged by the rule thus laid down, the verdict in this case is sufficient.

Judgment affirmed, with costs.

