## MINNICH ET AL. *v.* SWING, TRUSTEE.

[No. 5,158. Filed February 14, 1905. Rehearing denied May 23, 1905. Transfer denied June 29, 1905.]

1. APPEAL AND ERROR.—*Demurrer.*—*Failure to Except.*—No question can be presented, on appeal, on the trial court's ruling upon a demurrer where no exception was taken to such ruling. p. 121.

2.  APPEAL AND ERROR.—*Demurrer to Answer.—Carrying Back to Complaint.*—Where the court overruled a demurrer to an answer, defendant can not assign error on the court's failure to carry such demurrer back and sustain it to the complaint.   p. 121.

3.  PLEADING.—*Trustees.—Authority to Sue.*—An allegation by a trustee "that he brings this action by order of said [Ohio supreme] court" sufficiently shows authority to sue, at least when the objection is first made after verdict.   p. 121.

4.  TRIAL.—*Answer without Reply.—How Question Raised of No Issue.*—Where defendants desire to raise the question that the trial was without issue, they should present the lack of reply to the court below and save proper exceptions to the court's ruling thereon, otherwise they waive a formal reply and the trial proceeds as if a general denial were filed.   p. 122.

From Superior Court of Allen County; *O. N. Heaton,* Judge.

Action by James B. Swing as trustee of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, against John Minnich and others.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*James M. Hatfield,* for appellants.

*J. F. France, J. B. Harper* and *P. A. Reece,* for appellee.

BLACK, J.—This cause was commenced in the Huntington Circuit Court, whence the venue was changed to the court below.   It was an action against the appellants, brought by the appellee as trustee for the creditors and policy holders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, it being alleged in the complaint, amongst other things, that "the supreme court of Ohio, which is a court of general and competent jurisdiction, in case No. 2,541 thereof, on December 18, 1890, disincorporated said insurance company, and afterwards, in said cause, appointed this plaintiff the trustee for the creditors and policy holders of said insurance company, and this plaintiff accepted said trust, and duly qualified, and is acting as such trustee; that he brings this action by order of said court."

The appellants have sought to question the sufficiency of the complaint by three specifications in their assignment of

errors, as follows: "(1) The amended complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in not sustaining the demurrer of the appellee to appellants' answer to appellee's amended complaint. (3) The court erred in overruling the motion in arrest of judgment."

We will first dispose of the second specification. The demurrer to which the assignment refers was a demurrer of the appellee to the second paragraph of the answer of the appellants. The court overruled the demurrer, to which ruling the appellee excepted. The ruling being in favor of the appellants, they took no exception. No objection can be raised in this court to a ruling upon a demurrer by a party who took no exception in the lower court to its action upon the demurrer. See *Haymond* v. *Saucer* (1882), 84 Ind. 3; *Scheible* v. *Slagle* (1883), 89 Ind. 323; *Standley* v. *Northwestern, etc., Ins. Co.* (1884), 95 Ind. 254; *City of Evansville* v. *Martin* (1885), 103 Ind. 206; *Cupp* v. *Campbell* (1885), 103 Ind. 213.

When a demurrer to an answer has been overruled, the defendant can not successfully assign on appeal that the court erred in failing to carry back the demurrer and sustain it to the complaint. *Gilbert* v. *Bakes* (1886), 106 Ind. 558.

In the statement of points in the brief for the appellants the sufficiency of the complaint is questioned upon the ground that the appellee being a receiver, the complaint does not sufficiently show authority from the court by which he was appointed to bring the action in his own name as receiver, it being claimed that the averment "that he brings this action by order of said court" is not sufficient for such purpose. Assuming the rule of pleading invoked by the appellants to be applicable to the appellee, we think this objection to the complaint not tenable, at least after verdict.

It is also assigned that the court erred in overruling appellants' motion for judgment on the pleadings, notwithstanding the verdict. The supposed error to which 4. our attention is called under this assignment was the proceeding to trial when, as claimed on behalf of the appellants, there was no reply to the third paragraph of answer alleging payment. There was a reply, which was filed after the filing of all the paragraphs of answer, and the reply, by its terms, was addressed to the entire answer, and, after certain admissions, none of them relating to payment, denied all other allegations of the answer. Some indorsements upon the reply are set out in the transcript, one being as follows: "Reply to defendants' second paragraph of answer." If, as claimed, this was intended and taken as a reply to the second paragraph of answer alone, and the cause went to trial without a reply to the third paragraph of answer, the appellants, though they had taken a rule to reply, can not be heard to complain here on the ground that there was no formal issue made upon that paragraph of answer. To raise a question upon the absence of a reply, the appellants, before entering upon the trial, should have presented such matter to the court below, and should have invoked· a ruling of the court thereon, to which, if adverse to them, they should have excepted, in order to save the question for presentation on appeal. By going to trial without objection because of the want of a reply, they, in effect, waived a formal reply, and consented that the cause should be tried as if the answer were controverted by a general denial. *Train* v. *Gridley* (1871), 36 Ind. 241; *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510; *Crum* v. *Yundt* (1895), 12 Ind. App. 308.

Judgment affirmed.