## McCASLIN ET AL. *v.* THE STATE.

[No. 5,440. Filed October 31, 1905. Rehearing denied January 4, 1906. Transfer denied June 5, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—Alleged errors not discussed are waived. p. 185.

2. LIMITATION OF ACTIONS.—*State.*—*Statutes.*—By the statute of 1852 (2 R. S. 1852, p. 78, §224) the State was barred in civil cases by the statute of limitations the same as other litigants, but since 1881 (§305 Burns 1901, §304 R. S. 1881) the State is barred only as to sureties. p. 186.

3. PLEADING.—*Complaint.*—*Quieting Title.*—*Prescription.*—*State.* —A complaint to quiet title filed in 1903 and alleging that plaintiff has held undisputed and adverse possession of real estate for thirty-eight years is insufficient as against the State, since it fails to show such possession for twenty years continuously prior to 1881. p. 186.

4. SAME.—*Complaint.*—*Quieting Title.*—*Prescription.*—*State.*—A complaint to quiet title alleging that plaintiff took exclusive possession of such real estate in 1860 and that the State's claim of title is unfounded and is a cloud thereon, is bad since it fails to show that plaintiff held such possession any length of time after acquiring it. p. 187.

5. TRIAL.—*Venire de novo.*—*Time for Motion.*—A motion for a *venire de novo* made after final judgment should be overruled because too late. p. 188.

6. QUIETING TITLE.—*State.*—*Statutes.*—Section 7164 Burns 1901, Acts 1883, p. 170, §9, providing a remedy for the State to pursue to secure possession of its lands, is not applicable to a case to determine the title to lands, such question being for adjudication by the courts. p. 188.

7. NEW TRIAL.—*Defective Verdict.*—*Venire de novo.*—A new trial cannot be demanded because of a defective verdict, a motion for a *venire de novo* being the proper remedy. p. 189.

From Boone Circuit Court; *S. R. Artman,* Judge.

Suit by the State of Indiana against William McCaslin and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Pliny W. Bartholomew,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for appellee.

MYERS, P. J.—Appellee begun this suit against appellants in the Superior Court of Marion County by filing a complaint in three paragraphs. Thereafter the venue was changed to the Boone Circuit Court, where the case was tried before a jury, verdict returned, and judgment rendered in favor of appellee.

The first and second paragraphs of complaint are in the ordinary form, the first demanding possession of, and the second praying that appellee's title be quieted to, 100 acres of land in Marion county, Indiana. The third paragraph is to quiet title, and avers the facts in detail, upon which judgment is sought. A great number of pleadings were filed in the case, but we shall only notice those upon which a question is presented for our consideration.

(1) It has been held a number of times by the Supreme Court and this Court that only such questions as are discussed by the parties asserting error on appeal will be considered. All other questions will be deemed to have been waived. *Hoover* v. *State* (1903), 161 Ind. 348; *Smith* v. *Borden* (1903), 160 Ind. 223; *Clear Creek Stone Co.* v. *Dearmin* (1903), 160 Ind. 162; *Franklin* v. *Lee* (1902), 30 Ind. App. 31; *City of Greenfield* v. *Johnson* (1902), 30 Ind. App. 127.

(2) Appellant William McCaslin insists that the court erred in sustaining appellee's demurrer to the second and third paragraphs of his cross-complaint. Omitting the formal parts of the second paragraph, William McCaslin avers "that he has been the owner in open, notorious,

unequivocal, continuous and execlusive possession of the real estate described as follows, to wit: [describing the real estate by metes and bounds] containing 100 acres, for the last thirty-eight years or more; that the plaintiff in this cause is claiming some interest therein, and this cross-complainant prays that his title in and to said above-described real estate be quieted, and for any and all proper relief herein." The material allegations of the third paragraph are as follows: "William McCaslin states that on or about 1860 he entered into the open, notorious, unequivocal and exclusive possession of the following described real estate, to wit: [describing the lands by metes and bounds] containing 100 acres, and as such owner his title is under a cloud, for the reason that the plaintiff herein claims to own the same as against this defendant, and he prays that his title to the same be quieted, and for all proper relief in the premises." It is apparent that in both of these paragraphs William McCaslin bases his title and right to the real estate as against appellee upon the doctrine of title by prescription or adverse possession.

Section 224, 2 R. S. 1852, p. 78, provides: "Limitation of actions shall bar the State of Indiana and the United States as other persons." This limitation continued in force until September 19, 1881, and since that time the common-law rule has prevailed, except as to sureties. §305 Burns 1901, §304 R. S. 1881; *State, ex rel.; v. Halter* (1898), 149 Ind. 292.

While appellant William McCaslin avers in the second paragraph of his cross-complaint that he had the continuous possession of said real estate for thirty-eight years, it does not appear that he had such possession for twenty years prior to September 19, 1881, and if the rights of the State were not barred at that time, whatever rights it had then continued unaffected by appellants' possession. This paragraph was filed April 23, 1903, and under its averments we think it insufficient to show a bar as

against the rights of the State, by reason of the twenty-year limitation statute.

By the averments in paragraph three, it appears that on or about the year 1860 he took exclusive possession of said real estate, but for what time or how long he continued in such possession does not appear.

In *Worthley* v. *Burbanks* (1897), 146 Ind. 534, it is said in the syllabus that in order to constitute adverse possession five indispensable elements must appear: "(1) It must be hostile and under a claim of right. (2) It must be actual. (3) It must be open and notorious. (4) It must be exclusive. (5) It must be continuous." In support of this rule the court cites numerous authorities.

In *Peterson* v. *McCullough* (1875), 50 Ind. 35, the court said: "To acquire a right by prescription, there must be an actual enjoyment. Prescription acquires for the party precisely what he has possessed, and nothing more, and in proving a prescription the user of the right is the only evidence of the extent to which it has been acquired. The use and enjoyment of what is claimed must have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the estate, in, over or out of which the easement prescribed for is claimed, and while such owner was able, in law, to assert and enforce his rights, and to resist such adverse claim, if not well founded."

Applying the cases from which we have just quoted to the facts as they appear from the allegations of the second and third paragraphs of William McCaslin's cross-complaint, we are of the opinion that neither of these paragraphs is sufficient to withstand a demurrer for want of facts, and therefore we find no error in the ruling of the trial court.

(3) Appellants contend that their motion for a *venire de novo* should have been sustained. Upon an examination

of the record we find that on May 10, 1904, this cause was regularly submitted to a jury for trial, and on the same day the following verdict was returned: "We, the jury, find for the plaintiff." On May 11, 1904, final judgment on the verdict in favor of appellee was rendered. On May 13, appellants filed a motion for a *venire de novo,* which was by the court overruled. There was no error in this ruling, as it has been held a number of times by the Supreme Court of this State, and by this Court as well, that a motion for a *venire de novo,* to be effective, must be made before final judgment, and when not so made no question is presented. *Bennett* v. *Simon* (1899), 152 Ind. 490; *Potter* v. *McCormack* (1891), 127 Ind. 439; *Shaw* v. *Merchants Nat. Bank* (1877), 60 Ind. 83; *Cannon* v. *Castleman* (1900), 24 Ind. App. 188; *Sloan* v. *Lick Creek, etc., Gravel Road Co.* (1893), 6 Ind. App. 584.

(4) Upon completion of the issues in this cause, and before the same were submitted to the jury for trial, appellants filed their joint motion for judgment upon the pleadings, which motion was by the court overruled, and this ruling is here assigned as error. In support of this motion, appellants contend that §7164 Burns 1901, Acts 1883, p. 170, §9, provides the remedy the State shall pursue to secure possession of any of its lands unlawfully held or in the possession of any one, and controls and governs the State in its procedure in this case. This section of the statute must be construed in connection with the whole act, of which it is a part. This statute was enacted by the General Assembly in 1883 (Acts 1883, p. 170, §7156 *et seq.* Burns 1901), and provides for the sale and conveyance of certain lands belonging to the State, prescribing the duties of the Auditor of State and county auditors in that regard, and the manner of putting the purchaser of such land in possession of the same. This statute has reference to possession of the State's lands, and is not

applicable where the question of title is involved. It cannot be said that the General Assembly, by summary proceedings, as provided by §7164, *supra,* intended that any one of its citizens, in the possession of property or lands to which he has title, shall be thus summarily ejected without due process of law, and yet such would be the effect if appellants' contention should prevail. The authority of the Auditor of State over the State's lands and to deal therewith is purely statutory, and the statute must be strictly followed. He is given no authority to adjudicate the question of title as between the State and one of its citizens. Such rights are to be settled by the judicial department, and for this purpose the courts of the State are open alike to the State and its citizens.

(5) Appellants' motion for a new trial was overruled by the trial court, and this ruling is assigned as error. The evidence and instructions given the jury are not in the record, and the only causes for a new trial here insisted upon are: (1) That the verdict of the jury is defective, in that it does not cover the issues in the case; (2) because the jury was discharged by the court without having returned a verdict upon which judgment could be rendered. It does not appear from the record that any motion was made or any steps taken in the court below to correct or modify the judgment, or that any objection was made or reason assigned why the court should not render judgment on the verdict until after its rendition, and then only by a motion for a *venire de novo.* The rule is well established in this State that a motion for a new trial does not reach a defective verdict. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, and cases cited. In *Cottrell* v. *Shadley* (1881), 77 Ind. 348, the court said: "Where a verdict is imperfect by finding less than the whole matter put in issue, the proper remedy is a *venire de novo.*" Under the authorities last cited, we are of the opinion that

the court did not err in overruling appellants' motion for a new trial.

Finding no error in the record, the judgment of the trial court is affirmed.