# SMITH v. McDONALD.

[No. 7,506.    Filed February 20, 1912.]

1. NEW TRIAL.—*Failure of Evidence to Support Special Findings.—Appeal.*—Failure of the evidence to support the special findings constitutes no ground for a new trial, such question being raised only under the assignment that the decision is not sustained by sufficient evidence, or that it is contrary to law.    p. 465.

2. BILLS AND NOTES.—*Coverture and Suretyship.*—An answer of coverture and suretyship, by a married woman, constitutes a complete defense to an action on a note executed by her.    p. 467.

3. BILLS AND NOTES.—*Answer of Coverture and Suretyship.—Failure to Reply.—Effect.*—In an action on a note, there being an answer of coverture and suretyship, the submission of the case for trial, without the filing of a reply, constitutes a waiver of any objection because of such failure, the presumption being that the defendant consented to a trial as if a general denial, but no affirmative reply, had been filed to such answer.    p. 467.

4. ESTOPPEL.—*Pleading.*—To secure the benefit of an estoppel, the facts must be affirmatively pleaded.    p. 468.

5. TRIAL.—*Special Findings.—Facts outside the Issues.—Appeal.*—Special findings outside the issues will be disregarded on appeal.    p. 468.

6. BILLS AND NOTES.—*Coverture and Suretyship.—Issues.—Special Findings.—Appeal.*—In an action on a note, the defense being coverture and suretyship, and no reply being filed, special findings showing that such defense was proved, but showing an estoppel *in pais*, will not support a judgment for the plaintiff; and such judgment will be reversed because it is contrary to law.    p. 468.

From Hendricks Circuit Court; *James L. Clark*, Judge.

Action by Philip McDonald against Belle M. Smith. From a judgment for plaintiff, defendant appeals.    *Reversed.*

*Otis E. Gulley* and *Edgar M. Blessing,* for appellant.
*D. P. Etris* and *Brill & Harvey,* for appellee.

FELT, C. J.—Appellee brought this action against appellant and Samuel McDonald to recover judgment on a promissory note executed by defendants.    Samuel McDonald, who was husband of appellant at the time the note was exe-

cuted, was not served with process, and the case proceeded to final judgment against appellant.

The complaint was in one paragraph, to which appellant filed an answer in five paragraphs. A separate demurrer to the third and fourth paragraphs was sustained as to the third and overruled as to the fourth, which, like the second and fifth paragraphs, set up special matter in defense.

These were all the pleadings filed in the case, and upon them the cause was submitted to the court for trial without the intervention of a jury. Upon request of appellant the court made a special finding of facts and stated its conclusions of law thereon, which were in favor of appellee. Appellant's motion for a new trial was overruled, and the only error assigned is the overruling of that motion.

The grounds of the motion are, in substance, as follows: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; (3) that the special finding of facts number four is not sustained by sufficient evidence; (4) that the special finding of facts number four is contrary to law; (5) that new evidence has been discovered by appellant.

The third and fourth grounds of this motion present no question, but the questions attempted to be presented thereby arise on consideration of the first and second

1. reasons assigned for a new trial. *Scott* v. *Coller* (1906), 166 Ind. 644, 648; *Hamrick* v. *Hoover* (1908), 41 Ind. App. 411, 415.

The first ground of the motion questions the sufficiency of the evidence to support the court's finding of facts, which finding is, in substance, that on and prior to March 29, 1898, appellee resided in Craig, Nebraska, and appellant resided in Hendricks county, Indiana; that on said date appellant, then Belle McDonald, and her husband, Samuel W. McDonald, executed to appellee a certain promissory note in the sum of $150; that at the time of the execution of said note

appellant was a married woman, and executed the note as surety for her husband, but received no part of the money for which said note was executed, but the money was taken by her husband and used by him in his private business; that the negotiations for said loan were conducted by correspondence; that for the purpose of inducing appellee to accept said note, and loan the money thereon, appellant wrote a letter to appellee, dated March 24, 1898, and enclosed it with the note sued on, duly signed, and mailed said letter and note to appellee, who received it; that in said letter appellant stated to appellee, in substance, that the money to be procured by the note would be used in the purchase of a stock of goods to be bought in her name, that the business connected therewith would be conducted in her name, that she signed the note first, and that she would some day have property enough coming to her to pay all; that appellee understood from said letter that appellant was the principal on said note, and that the money procured thereon was borrowed by her for her own use and benefit in the purchase of said stock of goods; that he relied on the statements in said letter and forwarded the money on said note, but would not have done so if he had not relied on said statements and believed them to be true; that said stock of goods was purchased in the name of appellant, the business connected therewith was conducted in her name, and was managed and controlled by her husband as her property; that said business was so conducted in the name of appellant in order to prevent the creditors of her husband from interfering with said business, and seeking to recover from said stock of goods for their various claims against her said husband; that payments aggregating $57.90 have been made on said note, and the balance due thereon and unpaid amounts to $216.

On this finding of facts the court stated its conclusions of law in favor of appellee, and rendered judgment against appellant in the sum of $216.

The court found that appellant was a married woman

when she signed the note in suit; that she executed it as surety for her husband, and received no part of the proceeds of the note.

The fourth paragraph of appellant's answer sets up coverture and suretyship. The finding sustains all the material allegations of this answer. This is a complete defense to the action. The court, however, found facts tending to show an estoppel against appellant, and, in view of the finding in her favor on the facts of coverture and suretyship, must have based the conclusion of law on the proposition that she had estopped herself to deny liability. No reply of any kind was filed to any of the paragraphs of affirmative answer.

2.

Appellee contends that appellant, by going to trial without insisting upon a reply, has waived any objection on that account; that to save any question that the trial was without issue, the lack of a reply should have been presented to the trial court, and an exception taken to the court's ruling, if objectionable. This contention is sustained by numerous decisions, to the extent that appellant waived a formal reply by going to trial, and thereby is held to have consented to the trial the same as if the affirmative answers were controverted by a reply in general denial. *Minnich* v. *Swing* (1905), 36 Ind. App. 119, 122; *Buchanan* v. *Berkshire Life Ins. Co.* (1884), 96 Ind. 510, 516; *Havens* v. *Gard* (1892), 131 Ind. 522; *Crum* v. *Yundt* (1895), 12 Ind. App. 308.

3.

An examination of the foregoing and numerous other authorities discloses the rule to be that where a person goes to trial without the closing of the issues, and thereafter appeals, he will be deemed to have waived the pleadings necessary to controvert the affirmative matter pleaded by his adversary, or, in other words, he waives a denial of the facts of such pleading, and on appeal the case is considered as though such denial had actually been filed. Under this rule we are to consider appellant's answer of coverture and

suretyship as though a reply in general denial thereof had been filed. The rule does not go to the extent of holding that a person, by failing to insist upon the formation of an issue upon a special answer, thereby opens the door for affirmative matter in avoidance of such answer. *Crum* v. *Yundt, supra,* at page 311; *Stringer* v. *Breen* (1893), 7 Ind. App. 557, 559.

In this case, the waiver puts in the reply in denial of the answer of suretyship of a married woman, but does not authorize us to consider matter in avoidance thereof by way of estoppel. To do this would be to go beyond the rule already announced, and run counter to another long established rule of pleading, that to obtain the benefit of an estoppel *in pais* the facts constituting such estoppel must be specially pleaded. *Kreig* v. *Palmer Nat. Bank* (1912), 50 Ind. App. ——; *Webb* v. *John Hancock, etc., Ins. Co.* (1904), 162 Ind. 616, 66 L. R. A. 632; *International, etc., Loan Assn.* v. *Watson* (1902), 158 Ind. 508.

In the case of *Webb* v. *John Hancock, etc., Ins. Co., supra,* the court said on page 630: "It will be observed that appellee replied only by the general denial to the separate answer of Mrs. Webb whereby she set up her suretyship; consequently under the pleadings it is not in a position to claim that she is bound by any estoppel *in pais.* Facts constituting estoppel, in order to be available in a case, must, under our civil code, be especially pleaded."

Where a court finds facts outside the issues of the case they are nullities, and must be disregarded. *Fleming* v. *Greener* (1909), 173 Ind. 260, 140 Am. St. 254, 21 Am. and Eng. Ann. Cas. 959; *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322; *Cox* v. *Hunter* (1881), 79 Ind. 590, 596; *Burton* v. *Marrow* (1892), 133 Ind. 221, 226.

There was no issue in this case authorizing the admission of evidence upon the question of estoppel. A finding outside the issues cannot support a conclusion of law based thereon.

The motion for a new trial should have been sustained, because the decision is contrary to law. It is based on a finding of facts entirely outside the issues. *Thomas* v. *Dale* (1882), 86 Ind. 435, 438; *Brown* v. *Will* (1885), 103 Ind. 71, 74; *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404, 413, 416, and cases cited; *Jennings* v. *Ingle* (1905), 35 Ind. App. 153, 155; *Berkey* v. *Rensberger* (1911), *ante*, 226.

The judgment is reversed, with instructions to the lower court to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.