HIGHWAY IRON PRODUCTS COMPANY *v.* PHILLIPS ET AL.

[No. 13,826. Filed February 6, 1930. Rehearing denied December 9, 1930. Transfer denied April 8, 1932.]

*William J. Reed, Pickens, Davidson, Gause, Gilliom & Pickens, Fred C. Gause* and *Howard P. Travis,* for appellant.

*Frank L. Dukes, Charles Hamilton Peters* and *Marshall Williams,* for appellees.

ENLOE, J.—This is the second appeal of this case. See *Highway Iron Products Co.* v. *Phillips* (1926), 85 Ind. App. 700, 153 N. E. 926. The action was upon the bond given by March and Williams, subcontractors, to the appellant herein, the principal contractor, to secure the performance of said subcontractor's contract for the construction of certain bridges in Pulaski County, Indiana.

The court trying the cause made a special finding of facts and stated conclusions of law thereon. Exceptions to the first and second conclusions of law form the basis of the matters presented on this appeal, said conclusions being against appellant and favorable to the sureties on said bond.

The facts found by the court are, in substance, as follows: June 21, 1921, the appellant made its three separate contracts with the State Highway Commission for the construction of three bridges on State Road No. 15, in Pulaski County, Indiana, and designated as

Nos. 15, 16 and 17, on said State Road. By the terms of said contracts, appellant was to furnish all labor and material necessary for the construction of said bridges, and was to construct them according to plans and specifications furnished by said commission, and said plans and specifications were attached to and made a part of each of said contracts. That, by the terms of said contracts, said bridges were to be completed by November 21, 1921, and appellant, in said contracts also agreed to pay a penalty of $10 per day for each day that said bridges Nos. 15 and 16 should remain uncompleted after November 21, 1921, and the sum of $15 per day for each day that said bridge No. 17 should remain uncompleted after November 21, 1921, and the appellant duly gave bond to secure the performance of its said contract.

On June 30, 1921, the appellant sublet its said contracts to build said bridges to Carl Williams and W. P. March, doing business under the firm name and style of "March and Williams," and, on said date, said March and Williams entered into this contract in writing, with appellant, wherein they agreed to build said bridges at certain unit prices, and to build them according to the plans and specifications covering said bridges, as furnished by said highway commission; they also agreed to furnish to and give to appellant a bond for the faithful performance on their part of their said contract. This bond was executed July 18, 1921, and was signed by March and Williams, as principals, and by William C. Phillips, John C. Shank and Ellis Rees as sureties, and, as so signed, was delivered to and accepted by the appellant. This bond was conditioned that March and Williams would "faithfully perform all the conditions of the contract" between appellant and March and Williams, and would "promptly pay all debts incurred by them in the execution of the work." The contract be-

tween March and Williams and appellant provided that March and Williams were to receive monthly, on estimates approved by the state engineers, 80 per cent of the money by them earned, and that final payment was to be made by appellant to March and Williams within 10 days from the time appellant received final payment from the state.

After the execution of said contract, March and Williams at once began the construction of said bridges pursuant to said contract, and, on November 14, 1921, they, for the purpose of procuring ready money with which to finance their said work, entered into a contract with appellant, whereby, in consideration that March and Williams would take into their employment one John Hurst, as time-keeper, and as a checker of all materials used in said work, and who was to report these matters and all bills incurred during the progress of the work to appellants, and who was also to act as overseer of said work of construction, the appellant agreed to finance March and Williams, by advancing to them money for the payment of material and labor as the work progressed. In pursuance of said agreement, said Hurst went upon said work and so remained until May 1, 1922, when said bridges were completed, keeping time of laborers, account of material used, and of all bills contracted for materials, all of which he reported to the appellant, as per said agreement. That all bills for labor and materials used and so reported were paid by appellant. The court found that the appellant had advanced and paid out, on the account of March and Williams, growing out of the construction of said bridges, the sum of $12,731.99, and that March and Williams were entitled to credit thereon, in the aggregate of $9,661.36.

The first finding of the court was: "The court finds that there was a change in the contract, of which change

the defendants Rees, Shank and Phillips had no knowledge nor did they consent thereto." Many other facts are found, but they are of no controlling influence herein and need not be set out.

The first conclusion of law was to the effect that, by reason of the change made in the contract, the sureties on the bond were released, and that appellant should take nothing as against said sureties. The second conclusion was that said sureties were entitled to recover their costs against appellant.

Of course, if the said first conclusion must stand, if there was a change in said contract, then this cause must be affirmed.

In this case, we have a finding of the *primary facts* which constitute the *alleged change* in the said contract, and we also have the statement of the trial court's conclusion thereon (finding No. 1), that said contract was changed, etc., and so the question now arises: Are the primary facts so found in harmony with the court's conclusion as to the *ultimate* fact? If they are not in harmony, which shall control? In *Smith, Trustee,* v. *Wells Mfg. Co.* (1897), 148 Ind. 333, 46 N. E. 1000, it was said: "The question of the effect of the court's general statement that Wells had no authority to release the mortgage has been discussed. . . . We have no doubt that the statement was intended as of the ultimate fact, but where the primary facts are stated and they lead to but one conclusion, the statement of the ultimate fact will be disregarded, since a statement of the ultimate fact is required only where, from the primary facts, either of two conclusions may reasonably be drawn." See, also, *Richmond Nat. Gas Co.* v. *Enterprise Nat. Gas Co.* (1903), 31 Ind. App. 222, 66 N. E. 782. In this case, March and Williams had entered into a contract with appellant, wherein they agreed to do certain specified work in a certain specific manner and

to have said work completed by a specified date, and for which they were to be paid certain specified amounts. The primary facts as found herein show simply an arrangement between appellant and March and Williams for the further financing of the work. These bridges were, under the contract, to be completed by November 21, 1921, and the facts found impel the inference that the subcontractors knew they could not complete the work on time and that there would be damages by reason of that fact; they needed help and the appellant consented, on certain conditions, to assist them by furnishing them money. In doing this, the appellant was acting entirely outside of its relation to the said contractors; it was acting just as a bank, or any other third person might, under the circumstances, have acted. This agreement, as shown by the finding of primary facts, in no way changed the original contract. These findings of the primary facts control, and the said general finding must be disregarded.

The primary findings show that there yet remains a balance due appellant for money advanced in the prosecution of this work the sum of $3,070.63, and for the repayment of this sum, these sureties are liable.

We hold that the court erred in its said first and second conclusions of law, and this cause is reversed, with directions to the court to restate its said first and second conclusions of law in harmony with this opinion, and to render judgment accordingly.

Reversed with directions.