BURKHART ET AL. *v*. SIMMS, ADMINISTRATOR..

[No. 17;340. Filed April 2, 1945. Rehearing denied May 1, 1945.]

578

*Paul H. Schmidt,* of Evansville, for appellants.

*Edward A. Lorch, Wilbur F. Dassel,* and *W. D. Hardy,* of Evansville, for appellee.

HAMILTON, J.—This was an action for conversion instituted by appellee, administrator, against appellants, who were the daughter and son-in-law of James M. Simms, deceased, wherein appellee alleged that appellants had taken possession of and unlawfully and without right appropriated and converted to their own use and benefit certain described personal property of the value of $2,200, of which said James M. Simms was the owner at the time of his death on August 18, 1941. The action was filed pursuant to the provisions of § 6-901, Burns' 1933, § 3098, Baldwin's 1934.

Upon issues joined, the cause was submitted for trial to the court, without the intervention of a jury. There was a special finding of facts and conclusions of law rendered thereon in favor of appellee and against both

appellants. Judgment was rendered against appellants in the sum of $1,194.26, from which judgment this appeal is prosecuted.

The errors assigned in this court and relied upon for reversal are: (1) The court erred in overruling the joint and separate exceptions of appellants to each conclusion of law rendered by the court upon the special findings of fact; (2) that the court erred in overruling the separate motions for a *venire de novo* filed by each appellant; and (3) that the court erred in overruling the joint and also the separate motions for a new trial by the appellants.

The motions for a new trial assign as grounds therefor that the decision or finding of the court is not sustained by sufficient evidence and is contrary to law, which presents for review the sufficiency of the evidence to sustain the special findings of fact. *Scott* v. *Collier* (1906), 166 Ind. 644, 648, 78 N. E. 184.

The record discloses that the final judgment was entered on May 17, 1944, and that the motions for *venire de novo* were filed on June 15, 1944. It has been held a number of times by the Supreme Court of Indiana, as well as by this court, that a motion for *venire de novo,* to be effective, must be made before final judgment and, when not so made, no question is presented upon appeal. *McCaslin* v. *State* (1906), 38 Ind. App. 184, 188, 75 N. E. 844; *Bennett* v. *Simon* (1899), 152 Ind. 490, 53 N. E. 649; *Smith* v. *Biesiada* (1910), 174 Ind. 134, 90 N. E. 1009; *Potter* v. *McCormack* (1891), 127 Ind. 439, 440, 26 N. E. 883; *Shaw* v. *Merchants National Bank* (1877), 60 Ind. 83, 94; *Sloan* v. *The Lick Creek, etc.* (1893), 6 Ind. App. 584, 33 N. E. 997. Therefore, appellants' assignments

of errors relative to overruling the motions for *venire de novo* present no question for our decision.

In considering the correctness of the conclusion of law, we are bound by the firmly-settled rule that an exception to a conclusion of law admits, for the purposes of the exception only, that the facts upon which such conclusion is based have been fully and correctly found. *Works Pr.*, vol. 2, § 1609. However, this rule is limited by the further rule that the facts found must be within the issues formed by the pleadings. *Thomas* v. *Dale* (1882), 86 Ind. 435, 438; *Clark* v. *State ex rel.* (1918), 187 Ind. 276, 283, 117 N. E. 965; *Wills* v. *Mooney-Mueller Drug Company* (1912), 50 Ind. App. 193, 199, 97 N. E. 449; *Smith* v. *McDonald* (1912), 49 Ind. App. 464, 468, 97 N. E. 556. Therefore, in the instant case it is proper that we look to the issues formed by the complaint and answer to determine whether or not the facts found in the special findings of fact are within the issues formed by the pleadings.

The complaint, omitting formal parts and signatures, reads as follows:

"William A. Simms, Administrator of the Estate of James M. Simms, Deceased, complains of the defendants and for cause of action says:

"1. That James M. Simms, departed this life intestate, on the 18th day of August, 1941, the owner of personal property, of the value of Two Thousand Two Hundred ($2,200.00) Dollars, consisting of money and property received by the decedent, or by the defendants for decedent's use, as follows, to-wit:

| | |
|---|---:|
| "U. S. Government Bonds of the value of_$ | 750.00 |
| "Rent money from— | |
| "Matt Sparks_____ | 20.00 |
| "Carol McCoy_____ | 25.00 |
| "Bob Wilkinson_____ | 33.00 |
| "Louis Johnson_____ | 36.00 |
| "Margaret Daniels _____ | 77.00 |

```
"Earl Daugherty_____     12.00
"Delbert Daugherty_____     77.00
"Howard Wilkerson_____     20.00
"John Lacer_____     33.00
"1 Certificate of stock in the Lake State
    Bank—value _____    100.00
"Tobacco _____    190.00
"Wheat _____     60.57
"Corn _____    116.99
"Cowpeas and Hay_____    100.00
"Potatoes _____     20.00
"Chickens _____     78.00
"Tools and Farm Implements_____    200.00
"Tobacco Sticks_____     20.00
"Lumber and Posts_____     50.00
"Cash on note of Carl A. Carpenter_____     35.00
                                      _____
"Total _____$2,053.56
```

"2.   Plaintiff further says that the defendants have without right, claim or title to the same, or any part thereof, taken possession of and unlawfully and without right appropriated and converted said property to their own use and benefit, and have sold and disposed of part or all of said property.

"3.   Plaintiff further says that the defendants refused and still refuse, though demand has been made by this plaintiff, as such Administrator, to account for, turn over and deliver said property or any part of the same or the value thereof.

"4.   That this plaintiff is and was entitled, as administrator of said estate, to the control and possession of said property, or the value thereof, and that by reason of the unlawful appropriation and conversion of said property, by the defendants, as herein alleged, said estate has been damaged in the sum of Two Thousand Two Hundred ($2,200.00) Dollars."

Appellants' answer to this complaint, omitting formal parts, reads as follows:

"1.   That said defendants separately and severally deny that they had in their possession, at the

time of the filing of plaintiff's complaint herein, or that they have had at any time since, nor do they have now in their possession any of the property, or items mentioned in rhetorical paragraph 1 of plaintiff's complaint.

"That all of the items therein mentioned, of which the defendants or either of them may have had custody or possession, at the decedent's direction in his lifetime, were delivered to the plaintiff prior to the filing of the complaint in this proceeding.

"2. In answer to plaintiff's second rhetorical paragraph of complaint, the defendants separately or severally deny each and every allegation therein contained.

"Answering further, the defendants separately and severally aver that pursuant to the order of this Court, on 6 November, 1941, and subsequently, at oral examinations and hearing in open Court, the defendants in a cause docketed therein in the Vanderburgh Probate Court, as A. D. No. 6601, were fully examined by Court and counsel, regarding the averments of the complaint, with reference to said matters, and the Court declined to place sufficient credence in claims and assertions of plaintiff, to issue any order or make any finding in support of plaintiff's contentions.

"3. Answering plaintiff's third rhetorical paragraph the defendants separately and severally deny each and every allegation thereto, except they admit that plaintiff has made demands on these defendants, but in response thereto, incorporate herein the averments of rhetorical paragraph two (2) hereof.

"4. The defendants separately and severally deny each and every allegation contained in paragraph four (4) of plaintiff's complaint herein."

Upon the issues thus joined the court found the following facts:

"1. The Court, at the request of the defendants, makes the following finding of facts in this cause and states conclusions of law thereon, as follows:

"2.   James M. Simms, a widower, died intestate, 18 August, 1941, at the age of 85, at the home of the defendants, Roy S. Burkhart and Grace B. Burkhart, at 1731 South Morton Avenue, in the City of Evansville, Vanderburgh County, Indiana; that he was a resident of Vanderburgh County, at the time of his death.

"3.   That William A. Simms was duly appointed and qualified as Administrator of the estate of James M. Simms, deceased, on the 22nd day of September, 1941, by the Vanderburgh Probate Court, and has since said day, and now is acting in that capacity.

"4.   That James M. Simms, deceased, left surviving him as his sole heirs at law, William A. Simms, age 59, Son, 1664 South Garvin Street, Evansville, Indiana, and Grace B. Burkhart, age 56, Daughter, 1731 South Morton Avenue, Evansville, Indiana.

"5.   James M. Simms had been a resident of Spencer County, Indiana, all his life, until coming to Evansville, in September, 1940.   He had been a widower since 1935, when his wife died.

"6.   That on or about September 29, 1940, James M. Simms was brought to Evansville, Indiana, by Roy S. and Grace B. Burkhart, and lived with them until his death.

"7.   He continued to live on his farm in Spencer County, until coming to Evansville, in September, 1940; living alone, cooking and conducting his modest household, with the help of tenants, neighbors and his children, who visited him frequently and assisted him greatly.

"8.   During the early part of 1940, the decedent divided his visits between the defendant, his daughter, Grace B. Burkhart, and the plaintiff, his son, William A. Simms.   He had the defendant Roy S. Burkhart, prepare, and procure the preparation, acknowledgment and recording of two (2) deeds, whereby he conveyed sixty (60) acres, to his son, the plaintiff, William A. Simms, and fifty (50) acres to his daughter, the defendant, Grace B. Burkhart.

"9.   The said James M. Simms, however, retained a life estate in both of the tracts of land

so conveyed, on 28 February, 1940, and recorded 14 February, 1941.

"10. That when James M. Simms arrived at the Burkhart home in Evansville, Indiana, he was the owner of the following described personal property: U. S. Government Bonds, 1 certificate of stock in the Lake State Bank, tobacco, wheat, corn, cowpeas and hay, potatoes, chickens, tools and farm implements, tobacco sticks, and lumber and posts, of the total value of $1,000.00.

"11. Shortly after leaving the Spencer County farm, by reason of his physical infirmities, and to prevent them from being lost, strayed or stolen, the same James M. Simms concluded to sell all of the personal property about the farm, consisting of tobacco, feed and hay, live stock, tools and farm implements, tobacco sticks, lumber and posts of the value of $450.00. The defendant, Roy S. Burkhart, offered the sum of $140.00, which James M. Simms accepted, and which sum he never received.

"12. That prior to coming to the home of the defendants, on 29 September, 1940, James M. Simms' income from his farms was insufficient to enable him as life tenant, to pay taxes, insurance and repairs, as well as for his own maintenance and subsistence. That in order to overcome this deficit, he sold U. S. Government Bonds owned by him of the par or face value of $300.00. That by reason of his physical inability and lack of transportation facilities, James M. Simms prevailed upon the defendants, Roy S. Burkhart and Grace B. Burkhart, to transact these various items of business, including the sale and repurchase of U. S. Government Bonds, which transactions, prior to 29 September, 1940, were as follows:

"1935 James M. Simms had Government Bonds _____$500.00
"1935 Purchased additional Bonds_____ 250.00
"1935 Had a total of_____$750.00

"1937 Sold Govt. Bonds to pay taxes_____ 100.00

"Balance _____$650.00

"1938 James M. Simms sold $200.00 Bonds
  "1.  To Wm. A. Simms_____$100
  "2.  To Grace B. Burkhart_____ 100    200.00

"1940 September 29, Balance_____$450.00

"13.  That from 29 September, 1940, until his death, 18 August, 1941, James M. Simms was confined by his physical infirmities to the defendant's home. That during said period James M. Simms prevailed upon the defendants, Roy S. Burkhart and Grace B. Burkhart, to transact his business affairs relating to his farm land in Spencer County and the receipts and disbursements relating thereto; as well as the conversion of the remainder of James M. Simms' U. S. Government Bonds and one (1) share of the capital stock in the Lake State Bank of Richland, Indiana, valued at $100.00, and also during said period, James M. Simms prevailed upon defendants, Roy S. Burkhart and Grace B. Burkhart, to collect rents from tenants on the farm, accrued and accruing.

"14.  That after James M. Simms arrived in Evansville at the Burkhart home, Roy S. Burkhart and Grace B. Burkhart collected rent money for James M. Simms from the following tenants of James M. Simms: Matt Sparks, Carol McCoy, Bob Wilkinson, Louis Johnson, Margaret Daniels, Earl Daugherty, Delbert Daugherty, Howard Wilkerson, and John Lacer, in the total amount of $333.00; that defendants collected other money of deceased in the sum of $244.03.

"15.  That a full and complete statement of the receipts and disbursements of funds made by the defendants, Roy S. Burkhart and Grace B. Burkhart, during the period from 29 September, 1940, to 18 August, 1941, is set forth and embodied in Defendants' Exhibit No. 59. That the defendants, Roy S. Burkhart and Grace B. Burkhart, are entitled to credit for the sum of $382.77 on behalf of James M. Simms during said period, from 29 September, 1940, to 18 August, 1941.

"16.  That at, or prior to the death of James M. Simms, Roy S. Burkhart and Grace B. Burkhart converted and appropriated all of said property,

in the total amount of $1194.26, to their own use and benefit.

"17. That William A. Simms, as Administrator of the estate of James M. Simms, made proper demand on Roy S. and Grace B. Burkhart for said property, or the value thereof.

"18. That Roy S. and Grace B. Burkhart have failed and refused to turn over to the Administrator, William A. Simms, either the property or the value thereof.

"19. That William A. Simms, as Administrator, was duly authorized by the Vanderburgh Probate Court to institute proceedings against Roy S. and Grace B. Burkhart to recover the property or the value thereof.

"20. That James M. Simms, at the time he arrived at the Burkhart home, and up to the time of his death, was past the age of 85, illiterate, infirm, sick and senile, and suffering from cancer of the throat."

Upon these facts the court rendered the following conclusions of law, to wit:

"1. That the facts call for the application of the doctrine of constructive fraud, which throws upon the persons claiming the property, or the value thereof, the burden of proving not only that the deceased fully understood all the acts, but that he was not induced to sign the papers or part with his property by undue influence, and/or misrepresentation, and that the beneficiaries (the defendants) did not take unfair advantage of their superior influence or knowledge.

"2. Fraud vitiates all contracts.

"3. Transactions of the sort herein should always be closely scrutinized and never permitted to stand, unless it clearly appears that the maker of the paper or contract was fairly conscious of his acts and of sufficient mentality not to be influenced by stronger minds.

"4. The defendants are accountable for the property or the value thereof in the sum of $1194.26, which is an asset of the decedent's estate.

"5. That the plaintiff is entitled to judgment; that the plaintiff recover of and from the defendants the sum of $1194.26 and for the costs herein."

Appellee in his brief, as well as upon oral argument, admits that conclusions of law Nos. 1, 2, and 3 were improper and "surplusage and should be disregarded," and insists that conclusions of law Nos. 4 and 5 are sufficient to support the judgment. We agree with appellee that conclusions of law Nos. 1, 2, and 3 were improper and are insufficient to support the judgment rendered thereon, and that conclusions of law Nos. 4 and 5 are sufficient to support the judgment provided said conclusions of law Nos. 4 and 5 are supported by the special findings of fact.

Appellee is bound by the theory of his complaint, and he must recover upon and according to that theory or not at all. A recovery by appellee cannot be sustained unless the facts found are in accordance with the allegations of the complaint. *Columbia Conserve Co.* v. *Watson* (1942), 219 Ind. 494, 499, 39 N. E. (2d) 740; *Neu* v. *Woods* (1937), 103 Ind. App. 342, 349, 7 N. E. (2d) 531.

Referring to the complaint, we find that it alleged "that James M. Simms departed this life intestate on the 18th day of August, 1941, *the owner of personal property of the value of Two Thousand Two Hundred ($2,200) Dollars, consisting of money and property received by the decedent or by the defendants for decedent's use,* as follows: . . . that the defendants have without right, claim or title to the same, or any part thereof, taken possession of *and unlawfully and without right appropriated and converted said property to their own use and benefit.*" (Our italics.) These allegations were specifically denied by appellants' answer and this formed the issues joined by the pleadings. There is

no charge in the complaint that any sale or transfer of property by James M. Simms to Roy S. Burkhart or any other person was void because of fraud, undue influence, inadequacy of consideration, or failure of the purchaser or transferee to pay the agreed consideration therefor.

In special finding of fact No. 11, the court specifically found that during his lifetime, James M. Simms sold to appellant, Roy S. Burkhart, for the sum of $140 all of the personal property about the farm, consisting of tobacco, feed and hay, live stock, tools and farm implements, tobacco sticks, lumber and posts, but that said sum of $140 was never received by said James M. Simms. In special finding of fact No. 13, the court found that during his lifetime, James M. Simms sold and converted into cash all of his government bonds and the one share of bank stock, which he owned when he left the farm and moved to Evansville. In special finding of fact No. 15, the court found that a full and complete statement of the receipts and disbursements of funds made by appellants, Roy S. Burkhart and Grace B. Burkhart, for the period between September 29, 1940, and August 18, 1941, was set forth and embodied in defendants' exhibit No. 59. These facts are inconsistent with, and do not sustain the allegations and theory of appellee's complaint.

It will be noted that the court does not in any special finding of fact find the ultimate fact, alleged in the complaint, that at the time of his death on August 18, 1941, James M. Simms was the owner of the personal property described in the complaint. Furthermore, nowhere in the special findings of fact are there any ultimate facts found by the court, which tend to establish fraud, undue influence, duress, or mental incapacity upon the part of James

M. Simms to transact business. The failure to find these ultimate facts was equivalent to a finding against appellee upon each of said issues. *Clark v. State ex rel., supra,* on page 282.

In view of the fact that there was no allegation in the complaint or issues joined to the effect that any sale, transfer of personal property, or business transaction that had occurred between James M. Simms and Roy S. Burkhart was void because of fraud, undue influence, duress, or unsoundness of mind upon the part of said James M. Simms, there could not properly be a special finding of fact involving fraud, either actual or constructive, or undue influence which would support a conclusion of law involving such ultimate fact. *Clark* v. *State ex rel., supra.* It has frequently been held that fraud is never presumed nor inferred as a matter of law but must be averred and proved and found. *Wills* v. *Mooney-Mueller Drug Company, supra; Lockwood* v. *Harding* (1881), 79 Ind. 129, 134; *Morris, Admr.* v. *Stern* (1881), 80 Ind. 227, 231; *Pike* v. *Pattee* (1936), 103 Ind. App. 83, 2 N. E. (2d) 420; *Ray Stringer, etc.* v. *Dillon* (1938), 105 Ind. App. 194, 12 N. E. (2d) 365; *Hawkins, Receiver* v. *Fourth Nat'l. Bank, etc.* (1898), 150 Ind. 117, 49 N. E. 957; *Cotterell, Admr.* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235.

Unless conclusions of law 4 and 5 are supported by special finding of fact No. 16, there is no special finding of fact within the issues which is sufficient to sustain said conclusions of law 4 and 5. We are of the opinion that special finding of fact No. 16 must be disregarded entirely and cannot be considered as sufficient to support said conclusions of law 4 and 5 for each of the following reasons: *First,* special finding of fact No. 16 is a conclusion of law cast

among the special findings of fact and therefore must be disregarded. *Byrum* v. *Wise, Receiver* (1941), 216 Ind. 678, 688, 25 N. E. (2d) 992; *City of Indianapolis* v. *Kingsbury* (1884), 101 Ind. 200, 222; *City of Evansville* v. *Maddox* (1941), 217 Ind. 39, 49, 25 N. E. (2d) 321. *Second,* assuming for the moment that special finding of fact 16 is the statement of an ultimate fact and not a conclusion of law, then, said ultimate fact so stated in special finding No. 16 is contradictory with the primary facts found in special findings of fact 11, 13, and 15, and the primary facts control over the ultimate fact contained in special finding 16. *Exchange Bank* v. *Weiner* (1931), 92 Ind. App. 692, 699, 170 N. E. 788; *Highway Iron Products Co.* v. *Phillips* (1932), 94 Ind. App. 283, 287, 169 N. E. 878; *Smith, Trustee* v. *Wells Manufacturing Company* (1897), 148 Ind. 333, 46 N. E. 1000. *Third,* an examination of the evidence as contained in the record fails to disclose any evidence which tends to establish the fact that the appellant, Grace B. Burkhart, ever received, took possession of, or at any time had anything to do with any part or item of the personal property described in the complaint, or in the special findings of fact. Therefore, special finding of fact No. 16, and conclusions of law 4 and 5, are erroneous as applied to the appellant, Grace B. Burkhart.

In view of the fact that the judgment must be reversed because conclusions of law 4 and 5 are erroneous as applied to the appellant, Grace B. Burkhart, we are of the opinion that justice requires a new trial. Judgment reversed with instructions to grant appellants' motions for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 60 N. E. (2d) 141.