D. W. SUBLETTE and MARY E. SUBLETTE, Appellants, v. GEORGE R. BREWINGTON and T. H. BREWINGTON, Respondents.

Kansas City Court of Appeals, November 1, 1909.

1. BILLS AND NOTES: Negotiable Instruments. The note in controversy is a negotiable instrument as defined in section 1 of the Act of 1905, page 247, entitled "Negotiable Instruments" and is such under the law merchant, and being payable to order it did not pass by the mere act of delivery.

2. ————: Agents Authority: Liability of Principal. Where a person is given authority to negotiate a loan upon the credit of the principal's note payable to the agent's order the note would necessarily become the property of who ever could be induced to advance the money on the security offered. The agent's authority was complete and he was empowered to dispose of the paper as freely as if it had been his own.

3. PRINCIPAL AND AGENT: Scope of Authority. There is no question better settled than that the acts of the agent within the scope, or apparent scope of his authority is binding upon the principal.

Appeal from the Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Higbee & Mills, Campbell & Ellison* and *A. Doneghy* for appellant.

The court erred in finding the issues for defendants. The note was admittedly without consideration. The finding and judgment of the court should have been for the plaintiffs on both counts. The note was a negotiable instrument, payable to the order of Edwin L. Hilbert and was transferred to defendants simply by delivery, without indorsement. It was therefore not negotiated to defendants. Secs. 30, 49, 52, "Negotiable Instrument Laws;" Acts 1905, pp. 247, 249. The note being without consideration, was, therefore, subject to all equities and defense available against the payee. Rice v. McFarland, 34 Mo. App. 404; Pattison v. Cave, 61 Mo. 439; Weber v. Norton, 91 Mo. 677; Quingley v. Bank, 80 Mo. 294; Bishop v. Chase, 156 Mo. 173; Randall v. Glendenning, 92 Pac. 158; Bank v. McCullough, 93 Pac. 366; Story on Bills of Exchange, p. 252, sec. 201; Rapps v. Gottlieb, 142 N. Y. 164, 36 N. E. 1052. The rule that a boni fide holder of negotiable paper is not affected by prior equities, of which the purchaser has no notice, does not apply if he receives the paper from the original payee by assignment or delivery instead of indorsement. He thus obtains no title superior to that of the payee, and the maker is therefore not precluded from asserting equities that would have been valid as against the payee. Pattisen v. Cave, 61 Mo. 439. To constitute one a holder in due course, under the Negotiable Instrument Law, the instrument must be regularly indorsed. 8 Current Law, p. 1143; Mays v. McRammon (N. C.), 53 S. E. 447; Keel v. Co., 55 S. E. 826. So it was at common law —2 Cyc. 390, authorities, note 7. The very fact that respondent took the note without indorsement or the right to require indorsement on any agreement for indorsement was sufficient to put any one on guard for section 30 of the Negotiable Instrument Law, makes an indorsement one of the conditions of negotiation and section 49 of the same act informed respondent that he was taking

it subject to any and all equities of the maker, and that by taking it without indorsement he only acquired such interest as Hilbert had in it. The rule is: Notice is actual when one either has knowledge of a fact or is conscious of having the means of knowledge although he may not use them. 16 Am. and Eng. Ency. Law (1 Ed.), p. 790; 2 Cyc. 394. Mere knowledge on the purchaser's part of dishonest business methods on the part of the seller has been held evidence of bad faith. 2 Cyc. 394, note 1. Weber v. Norton, 91 Mo. 677; Quingley v. Bank, 80 Mo. 294, 17 Fed. 575; 47 Conn. 417; 95 Ga. 22; 72 Ill. 559; 3 Bar. Chan. Ny., 441, 41 N. C. 199, 11 Ohio St. 626; 3 Tenn. 325; 16 Wis. 478; 73 Ind. 515; 18 Iowa 143; 11 Kan. 464. And in regard to the same principle as bearing directly on the Negotiable Instrument Law, see Randall v. Glendening (Okla.), 92 Pac. 158; Bank v. McCullaugh (Ore.), 93 Pac. 366; Rice v. McFarland, 34 Mo. App. 404.

*H. F. Millan* for respondents.

First: A negotiable promissory note may be sold or pledged and the title passed without indorsement or assignment. Willard v. Moies, 30 Mo. 142; Davis v. Carson, 69 Mo. 609. And the party to whom it is thus sold or pledged may maintain an action thereon in his own name. Authorities above. Second: Was the note without consideration? We say not and assert that as it was executed by Sublettes to their own agent for the purpose of having him dispose of it to raise money for them, it is not necessary that there be a consideration moving from their own agent to them, but, whenever a third party paid to the agent a consideration it is the same as if it had been paid to the makers of the note. Marling v. Jones, 119 N. W. 931. If a person act as an agent for a borrower in negotiating a mortgage loan and in receiving, handling and applying the money and for the lender in passing upon the sufficiency of the security and in delivering the executed mortgage and

he after receiving the money embezzles it, the borrower is liable for the mortgage debts although the check for the amount of such loan was drawn upon the delivery of the mortgage to the order of the agent. Pepper v. Cairns, 133 Pa. St. 214, 19 Am. St. Rep. 625. A person will become liable by suffering another to represent him with power to make a particular contract. Fanning v. Cobb, 20 Mo. App. 583. Acts of agent after revocation bind the principal and himself so far as they regard third persons who are ignorant of the revocation. Lamont v. St. L. & C., 17 Mo. 204; Oil Co. v. Zinc Co., 98 Mo. App. 324. Where one of the two innocent persons must suffer for the wrongful act of another, he must suffer who placed the party doing the wrong in a position to do it. Newhoff v. O'Reilly, 93 Mo. 164; Insurance Co. v. Bradford, 88 Am. St. 770; Turner v. Hayle, 95 Mo. 337. Party cannot defend on the ground of the fraud of his agent. Whitmore v. O'Bear, 58 Mo. 286. A non-negotiable note indorsed by the payee for the accommodation of the maker will in the hands of a holder for value bind the assignor. Macy v. Kendall, 33 Mo. 164. One who makes or indorses a note to be used in a particular way takes the risk of its being used in another way or for another purpose and is answerable thereon to any *bona fide* holder into whose hands it may come. Sweetser v. French, 48 Am. Dec. 666; Whitmore v. Nickerson, 125 Mass. 468, 28 Am. Rep. 257.

BROADDUS, J.—This is a suit to restrain defendants from disposing of a certain promissory note and asking for its cancellation.

On January 8, 1906, the plaintiffs applied to E. L. Hilbert to procure for them a loan of one thousand dollars, for the period of one year. For the purpose of obtaining the loan, they executed and delivered their promissory note for said sum of one thousand dollars, due in one year, payable to the order of said Hilbert.

Hilbert with one of the plaintiffs applied to several persons to get them to advance the money on the note but failed to get such advance. The plaintiffs then went home. Afterwards communication by telephone was had between the plaintiffs and Hilbert as to whether the latter had succeeded in securing the loan. The matter was left in this condition until in April, when plaintiff, according to their statements, saw Hilbert for the purpose of taking up the note, when he informed them that he had destroyed it. Thereafter on the 2d of October, 1906, several months before the maturity of the note, Hilbert borrowed from defendants eight hundred and fourteen dollars and executed his note to them for that amount and turned over to them the note in suit, without indorsement, as collateral security. The defendants took the note in good faith in the belief that Hilbert was its owner. The judgment of the court was for the defendants, and plaintiffs appealed.

The note in question was a negotiable instrument as defined in section 1 of the Act of 1905, page 247, entitled "Negotiable Instruments;" and is such under the Law Merchant and being payable to order it did not pass by the mere act of delivery. Section 30 of the Act, pages 247, 248, is as follows: "An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Sec. 31. "The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

If the case is to be determined by the law governing the transfer of negotiable instruments payable to order the defendants are holders with notice of whatever equities plaintiff may have had.

The defendants' defense is based upon the ground,

that as Hilbert was the agent of plaintiffs the law merchant does not control, but the question is one of agency. With this view we coincide.

That Hilbert was the agent of plaintiffs to negotiate a loan by means of the note is undeniable. His duty was to obtain a loan upon the credit of plaintiffs' note, which as a matter of course would necessarily become the property of whoever could be induced to advance the money on the security offered. His authority was complete. In effect he was empowered to dispose of the paper as freely as if it had been his own. The face of the paper in fact was a notice to strangers that it was his property; and it was not issued in due course of business.

There is no question better settled than that the acts of the agent within the scope or apparent scope of his authority is binding upon the principal. We cannot escape the conclusion that the case falls within the rule governing the relation of agent and principal and that the law merchant does not apply. Furthermore we are of the opinion that the plaintiffs have no equity as against defendants, and that the transfer to defendants was for a sufficient valuable consideration. It does not lie in the mouth of a party to plead want of consideration where his agent in the exercise of his authority as such deals with a stranger to his prejudice. We believe the judgment of the court was for the right party and it is therefore affirmed. All concur.