PYPER ET AL. *v.* CLIMER.

(Decided June 4, 1928.)

*Mr. Lester G. Hilpp,* for plaintiffs in error.
*Mr. I. L. Huddle,* for defendant in error.

MILLS, J.  William H. Climer, claiming to be the owner in due course and for valuable consideration of a check for $125, brought suit thereon in the

municipal court of Cincinnati against the drawer and the payee.

The check read as follows:

"Cincinnati, Ohio, June 27, 1924.

"Pay to the order of John Pyper $125.00 one hundred twenty-five dollars.

"The Home Savings Bank Co., Cincinnati, Ohio.

"Interstate Credit Co.,

"Lester G. Hilpp."

The indorsements thereon read as follows:

"John Pyper,

"W. E. Climer,

"The Provident Sav. Bk. & Trust Co."

Payee and drawer admit the execution and validity of the check, but deny Climer's ownership of it, on the ground that the check is still the property of the payee, Pyper, and has never been negotiated by him, but that the name of the payee had been forged as a pretended indorsement on the check before Climer acquired it.

The municipal court entered judgment in favor of Climer. The judgment was affirmed by the court of common pleas, and error is prosecuted here.

The record shows that the payee received the check in question from the drawer in Cincinnati on June 27 and delivered it unindorsed on July 1 to a man named Duke, who was an aviator, with instructions to take it to Kokomo, Ind., for the purpose of negotiating for the renting of an airplane. The payee testified that he did not authorize Duke, or any one else, to indorse the check; but that his instructions were that Duke should deposit the check with the airplane company as security for the rental of such airplane as he might select.

On or about July 2, Duke took the check to Climer with the request that Climer cash it; and Climer had the check in his possession from 8 in the morning until 1 o'clock that afternoon. When Climer received the check from Duke, it was indorsed with the name of the payee. At 1 o'clock that afternoon, Climer, accompanied by Duke, went to the Provident Bank, where Climer did business, and presented the check for payment. At the request of that bank, Climer placed his signature upon the back of the check; whereupon that bank paid the amount of the check in cash to either Duke or Climer, both being present.

Climer testified that he placed his signature upon the check at the request of the bank, and solely for the purpose of enabling Duke to cash it. He testified that at Duke's suggestion he delivered the check to the paying teller, that the teller laid the money on the counter, and that Duke took the money from the counter.

The check went through the clearing house, but was returned by the drawee to the paying bank dishonored, because of the claimed forgery of the name of the payee. Climer, upon demand of the paying bank, repaid to that bank the amount of the check.

The sole question is whether the payee shall be allowed to set up the defense of a forged indorsement of his name.

Section 8128 of the General Code (Section 23 of the Negotiable Instruments Law) reads as follows:

"When a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative. No right to retain the instrument, give a discharge therefor, or to en-

force its payment against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.''

We are of the opinion that under the facts and circumstances of this case, the payee is by his acts precluded from setting up the defense of forgery. See *S. Weisberger Co.* v. *Barberton Sav. Bank*, 84 Ohio St., 21, 95 N. E., 379, 34 L. R. A. (N. S.), 1100.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.