## EXCHANGE BANK OF WARREN *v.* WEINER.

[No. 13,458.   Filed March 20, 1930.   Rehearing denied June 13, 1930.
Transfer denied July 17, 1931.]

*Fred H. Bowers, Milo N. Feightner, Lee M. Bowers, Gus S. Condo* and *Robert Batton,* for appellant.

*Charles K. Lucas, Herbert B. Spencer, Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellee.

NICHOLS, J.—Action by appellee against appellant in three paragraphs of complaint, the first being on a certificate of deposit issued by appellant to appellee, and which appellant had already paid after indorsement and presentment for payment, the second being for money had and received, and the third being similar to the first, except that the third paragraph adds that the name of appellee was indorsed on said certificate by some other person without authority from appellee, and was a forgery.

Appellant answered, first, by a general denial, and, second, so far as here involved, and after averring that the certificate of deposit was delivered to appellee, it was alleged that appellee and one Alex Copeland were theretofore engaged in the production of oil in the state of Colorado as a partnership or as a common endeavor, and *that appellee delivered said certificate of deposit to said Copeland*, with direction to use such certificate and the proceeds thereof for the purpose of placing the same as a cash bond for the use and benefit of the partnership, and that, pursuant to said directions on the part of appellee, and in compliance with his directions, Copeland indorsed said certificate and delivered the same to the Farmers' Bank and Trust Company, of Fort Collins, Colorado; that said Copeland indorsed said certificate of deposit and deposited the same in the Farmers' Bank and Trust Company of Fort Collins, then, by averment, tracing such certificate of deposit, by due course of exchange, through successive banks and trust companies back to appellant bank, which paid the same. Appellee replied in general denial, after which the cause was submitted to the court for trial, with a request for special findings, which were made, and from which it appears that appellant is, and for more than 10 years last past has been, a private banking institution, conducting a banking business in the town of Warren, Indiana; that, on May 15, 1924, appellant issued to appellee its certificate of deposit in the sum of $2,318.38, which said certificate was as follows: "Warren, Indiana, May 15, 1924. No. 169024. This certifies that Thomas Weiner has deposited with the Exchange Bank of Warren, $2,318.38, Twenty three hundred eighteen dollars thirty eight cents, payable to the order of himself in current funds on the return of this certificate properly endorsed.

"G. S. Good & Co., Cashier.

"Interest 4 per cent per annum if left six months. No interest after 6 months."

That, on September 23, 1924, appellant, in the regular course of business, received from the Federal Reserve Bank of Chicago, Illinois, said certificate for $2,318.38, which bore on the back thereof the following indorsements, to wit:

"Thomas Weiner

"Alex Copeland

"Farmers' Bank & Trust Company, Fort Collins, Colorado

"Broadway National Bank, Denver, Colorado

"Northern Trust Company of Chicago, Ill.

"Federal Reserve Bank of Chicago, Ill."

That on said date, appellant paid to Federal Reserve Bank of Chicago, $2,318.38; that, prior to September 25, 1924, appellee placed said certificate in the possession of one Alex Copeland, who was then interested with appellee in some oil deals and properties in the state of Wyoming, without indorsing the same; that, prior to this time, Copeland had notified appellee that he (Copeland) would have to put up a cash bond on some oil deals in which they were interested, pursuant to which request, appellee sent Copeland the certificate as above stated; that appellee never recovered possession of said certificate after so placing the same in the possession of Copeland; that, at the time said certificate was paid by appellant, the name "Thomas Weiner" appeared on the back thereof as an indorsement, but appellee did not write or indorse said name "Thomas Weiner" on the back of said certificate, and said name was not written or placed on the back of said certificate by his direction or consent, and he had no knowledge whatever that the name "Thomas Weiner" was placed thereon until after it was paid by appellant, and said indorsement of the name "Thomas Weiner" on the back of said certificate

was not genuine and was and is a forgery; that, from May 12, 1924 until the time of the commencement of this action, appellant had in its possession and on file the true and correct signature of appellee; that Copeland was not the agent of appellee and was not authorized or empowered to indorse said certificate for and on behalf of appellee and to collect the proceeds thereof; that appellee has never received payment of said certificate, and has never received the proceeds thereof or any part thereof.

The court stated as conclusions of law upon the above and foregoing facts that the law is with appellee and that he recover from appellant principal and interest in the sum of $2,666.05, with relief from valuation and appraisement laws, and that he recover costs. Judgment was rendered accordingly, from which, after appellant's motion for a new trial was overruled, this appeal. The errors assigned are the action of the court in overruling appellant's motion for a new trial and error in the conclusions of law.

Appellee, in his brief as well as in oral argument, forcefully challenges appellant's brief as not conforming to Rule 22 of the Supreme and Appellate Courts, and contends that, therefore, no question is presented for our consideration. We conclude, however, that the brief is sufficient to present the question as to whether the court erred in the conclusions of law. While the statements of law are in the abstract, it is apparent that they apply only to the question as to whether the court erred in its conclusions of law.

It is to be observed that Copeland, who was associated with appellee in the oil business, had notified him that he, Copeland, would have to put up a cash bond on some oil deals in which they were engaged, and that, pursuant to Copeland's request, as the findings term it, appellee sent to Copeland the certificate of deposit. But, of course, we must know that the certificate would be use-

less in the hands of Copeland for the purpose of obtaining cash for a cash bond, unless it was indorsed by the payee, appellee herein.

It is the rule that, where the business in hand is of such a nature as to require the agent to indorse commercial paper for the principal, or where such power is reasonably necessary to effectuate the main object of the business in hand, then such agent will be presumed to have the power so to do, and, to that end, and for that purpose, he is the agent of his principal so to indorse the paper. 31 Cyc. pp. 1381, 1382; *Otis Elevator Co.* v. *First Nat. Bank* (1912), 163 Cal. 31, 124 Pac. 704, 41 L. R. A. (N. S.) 529, 534, 538; *Layet* v. *Gano* (1848), 17 Ohio 466; *Phoenix Nat. Bank* v. *Taylor* (1902), 113 Ky. 61, 67 S. W. 27; *Nat. Bank of Republic* v. *Old Town Bank* (1902), 112 Fed. 726; 21 R. C. L. 870, 872.

It is clear that appellee placed the certificate of deposit in the hands of Copeland for the purpose of obtaining cash to provide a cash bond in a business deal in which appellee and Copeland were engaged, and, if it were true that thereafter Copeland violated his instructions and used the proceeds of such certificate of deposit for a purpose other than that for which it was delivered to him, and we do not so hold, still appellee could not recover the amount of such certificate from one who had paid it in good faith. *Knight* v. *Seney* (1919), 290 Ill. 11, 124 N. E. 813; *Broadway Savings Bank* v. *Vorster* (1878), 30 La. Ann. 587; *Sublette* v. *Brewington* (1909), 139 Mo. App. 410, 122 S. W. 1150; *McHenry* v. *Old Citizens Nat. Bank* (1911), 85 Ohio St. 203, 97 N. E. 395, 38 L. R. A. (N. S.) 1111.

It does not appear, however, that there was any violation of instructions on the part of Copeland. The certificate of deposit was indorsed first by the name of appellee, then by Copeland, then by the Farmers' Bank

and Trust Company, Fort Collins, Colorado, and thereafter successively by correspondent banks until it reached the appellant bank and was cashed. Thus, it appears by clear implication that Copeland cashed the certificate of deposit for the purpose of obtaining the money to be used for a cash bond in the business in hand.

The primary facts do not show that there was any misplaced confidence or any forgery of appellee's name on the certificate of deposit. But even if there had been a forgery of appellee's name on this certificate, and if appellant had cashed such certificate on such forged signature, appellee, by his own act in placing the certificate in the hands of Copeland for his use, thereby enabling him to misappropriate the funds, cannot charge the loss to appellant bank; he himself, through his confidence in Copeland, being originally responsible for the loss sustained. *Snodgrass* v. *Sweetser* (1896), 15 Ind. App. 682, 44 N. E. 648; *Weisberger Co.* v. *Barberton Savings Bank* (1911), 84 Ohio St. 21, 95 N. E. 379, 34 L. R. A. (N. S.) 1100; *Emporia Nat. Bank* v. *Shotwell* (1886), 35 Kans. 360, 11 Pac. 141, 57 Am. Rep. 171; *Otis Elevator Co.* v. *First Nat. Bank, supra; First Nat. Bank* v. *First Nat. Bank* (1890), 151 Mass. 280, 24 N. E. 44, 21 Am. St. 450; *Nat. Bank* v. *Bangs* (1871), 106 Mass. 441, 8 Am. Rep. 349; *Central Nat. Bank* v. *Nat. Metropolitan Bank* (1908), 31 App. Cas. D. C. 391, 17 L. R. A. (N. S.) 520, 526; *Pyper* v. *Climer* (1928), 29 Ohio App. 486, 163 N. E. 640.

In the Snodgrass case, cited above, the court said: "It is well settled, as a general rule, that the payment of a forged check, draft, or order, must be borne by the party paying it. But when the party disavowing the obligation has been guilty of negligence, which is the immediate and direct cause of misleading the payor into paying it, he must reimburse such payor, for his act or

omission was the cause that induced its payment. It was the appellant's own negligence, whether her own individually, or that of her agent, that caused appellees to part with their money, and she should reimburse them for what she, by her negligence, induced or led them to pay out. Reason and principle require that if one person, by his negligence, causes or induces another to pay out money for his benefit, he should reimburse such person for the amount so paid out."

Appellee argues that appellant cannot take advantage of this rule of law, for the reason that negligence and estoppel were not pleaded. The second paragraph of answer of appellant sets up facts bringing the case clearly within the principles announced in the cases above cited, and it is not material that the words "negligence" and "estoppel" were not used. In addition, evidence bringing the facts under this rule was introduced without objection, and, in case of appeal, this court will presume that the pleadings were amended, if necessary, which, in our opinion, is not the case. But however that may be, the court found specially, and the appellee has assigned no cross-errors, that appellee sent the certificate of deposit to Copeland at the request of the latter and on the statement that he must put up cash or a cash bond in an enterprise, *in which the court found they were then interested.* It is true that the court has found as ultimate facts that the name of appellee was not indorsed on the certificate of deposit by his direction or consent, that he had no knowledge of the fact that it was written thereon, that such signature was a forgery, and that Copeland was not the agent of appellee for the purpose of indorsing his name on such certificate, but the primary facts are contradictory to the ultimate facts found by the court, and, under circumstances such as here, the primary facts stated will stand and the ultimate facts contradictory to such primary

facts must be disregarded. *Highway Iron Products Co. v. Phillips* (1930), 169 N. E. (Ind. App.) 878; *Smith, Trustee, v. Wells Mfg. Co.* (1897), 148 Ind. 333, 46 N. E. 1000.

With these facts before us as they appear in the finding of facts, and, under the authorities cited, we must hold that the court erred in its conclusions of law.

Judgment reversed, with instructions to the court to restate its conclusions of law and render judgment accordingly.