No. 32,308

R. E. SLUSS, *Appellee* and *Cross-appellant,* v. THE BROWN-CRUM-MER INVESTMENT COMPANY, *Appellant.*

(64 P. 2d 23)

Opinion on rehearing filed January 23, 1937. Former opinion adhered to. (For original opinion of affirmance see 143 Kan. 14, 53 P. 2d 900.)

*Karl M. Geddes,* of El Dorado, *Thomas E. Elcock, James G. Martin, J. H. Fugate* and *A. B. Huguenin,* all of Wichita, for the appellant.

*J. B. McKay,* of El Dorado, *W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *William E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: After the decision of this case, reported in 143 Kan. 14, 53 P. 2d 900, appellant's motion for a rehearing was allowed to permit additional argument by counsel and to enable the court to consider again the legal questions involved. This has been done.

Plaintiff's action involved nine transactions of purchases of bonds

or warrants issued by seven municipalities. We number them as follows: (1) Bonds of Royal Oak, Michigan, drainage district; (2) refunding warrants of Hidalgo county, Texas; (3) bonds of road district, Hidalgo county, Texas; (4) bonds of City of Ocoee, Florida (three transactions); (5) bonds of subdrainage district, Mississippi county, Arkansas; (6) bonds of water plant, Corpus Christi, Texas; (7) bonds of drainage district, Poinsett county, Arkansas. The trial court found for plaintiff on the transactions as above numbered, 1, 2, 4, and 6, and from the judgment thereon defendant has appealed. The trial court found for defendant as to transactions numbered 3, 5 and 7, and from judgment thereon plaintiff has cross-appealed. Since no serious complaint is made of our former decision on the cross-appeal nothing more need be said as to that.

The gist of defendant's appeal as to the transactions numbered 2 and 4 was whether there was substantial, competent evidence to support the findings and judgment of the trial court. Examining that question, we found the evidence sufficient.

Defendant's appeal as to transactions numbered 1 and 6 presented more difficulty. The principal legal questions argued centered about the court's instructions and the jury's findings. In answering special questions the jury found these bonds had been represented as legal and valid and a high-class security, as good as any Kansas bonds, and that they had been falsely represented as being legal and valid. Much was said in the argument as to the real or apparent discrepancy of these answers and their bearing upon the verdict for plaintiff. This court considered the answers to both questions and the general verdict with a view of harmonizing them, as was its duty under well-recognized rules of law, and found they could be harmonized reasonably, and concluded that the general verdict should stand. We are still satisfied with that conclusion. Appellant contended the question whether these bonds were legal and valid, or whether they had been falsely represented as being legal and valid, was not submitted to the jury in the court's instructions. That contention was considered by this court. It is true that in a general instruction the court did not submit to the jury the question whether the bonds or warrants involved had been falsely represented to be legal and valid. But as to each of these transactions (numbers 1 and 6) the court gave a lengthy instruction reciting legal questions which had arisen, and litigation touching their validity, and advised the jury these matters could be taken into consideration in their

determination whether the bonds were as they had been repre-
sented. These instructions gave ample authority to the jury to find
the bonds had been falsely represented to be legal and valid.

The record in this case was voluminous; the abstracts and briefs
contain 950 pages. Many questions are discussed which are related
more or less closely to the few decisive questions in the case. The
writer of the court's opinion, with his thoughts centered on the prin-
cipal and related questions in the case, inadvertently and inaccu-
rately stated the contention of appellant's counsel in a few in-
stances; for example, it was stated he contended there had been
no allegation that the bonds had been falsely represented as being
legal and valid, when it should have been stated that he contended
there had been no proof that they had been so represented. We
regret these inadvertent errors. They are, however, of no conse-
quence as bearing upon the decision of the court upon the principal
and related legal questions presented. Having again fully consid-
ered the case, we adhere to our former decision affirming the judg-
ment of the trial court, both on the appeal and the cross-appeal.