No. 35,308

JAMES W. CROSS, *Appellee*, v. C. E. AUBEL, *Appellant*.

(119 P. 2d 490)

Opinion filed December 6, 1941.

*James V. Humphrey, A. S. Humphrey,* both of Junction City, and *Ira C. Snyder,* of Manhattan, for the appellant.

*Fred R. Smith, Gerald F. Smith,* both of Manhattan, and *Raymond E. Smith,* of Marysville, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action on a promissory note for $2,000 executed by defendant in favor of plaintiff. The note was dated February 21, 1933; it bore interest at 6 percent; its due date was January 1, 1934; and it was payable at the Riley State Bank, Riley, Kan.

The action was begun on December 14, 1939. Plaintiff's petition

contained the usual allegations and set up a copy of the note as exhibit "A," on the back of which appeared the following:

"F. C. Otto
E. J. Otto

ENDORSEMENT ON INTEREST

Jan. 16, 1934   $100.84 to 1-21 1934
Jan. 16, 1937   $230.00 to 1-16 1937
Jan.  1, 1939   $——— to 1- 1 1939
Interest paid in full to Jan. 1, 1939

JAMES W. CROSS"

Defendant's verified answer admitted that he executed the note, but alleged that when so executed the specified rate of interest was 5½ percent, and that subsequent to its execution and delivery the rate of interest had been altered without defendant's assent and without his knowledge.

The verified answer further alleged that any cause of action on said note against him was barred by the statute of limitations; that defendant executed the note as an accommodation maker for F. C. Otto, whose name was endorsed on the back of it; that plaintiff delivered the consideration for the note to F. C. Otto and knew that said Otto was the principal obligor, and—

"That this defendant has not at any time since the execution of said note made any payment upon the same, and that if payments were made upon the same as indicated by the endorsements upon plaintiff's 'exhibit A,' said payments and each of them were made by other persons than this defendant and without the authority or participation therein of this defendant."

Plaintiff's reply alleged that at the time of the negotiations leading up to the execution of the note, E. J. Otto, whose name appears as an endorser on the note, was a brother-in-law of defendant and was his duly authorized agent to procure the loan of $2,000 from plaintiff for which the note was executed. Plaintiff's reply also denied that he had delivered the $2,000 consideration for the note to F. C. Otto, and alleged that all the payments of interest endorsed on the note were either endorsed thereon by defendant or by his duly authorized agent, E. J. Otto.

A jury was waived, and the cause was tried by the court. The evidence for plaintiff tended to support the allegations of his pleadings. The trial court made findings of fact and conclusions of law. These latter read:

"1. The action is not barred by the statute of limitations.
"2. There was no material alteration of the note.

"3. There is due plaintiff from defendant the sum of $2,000, with interest at the rate of five and one-half percent per annum from January 1, 1939, and the costs of this action."

Judgment was accordingly · entered for plaintiff, and defendant appeals, assigning error on the admission of incompetent testimony and on the trial court's finding that in making the payments of interest by E. J. Otto as endorsed on the note Otto acted as the agent of defendant.

It is, of course, true that agency cannot be proved by the statements of the agent standing alone. But if proved by other competent evidence, statements of the agent within the real or apparent scope of his authority are competent. It is argued, however, that there was no other evidence tending to prove that E. J. Otto was defendant's agent. We cannot assent to that contention. How came Aubel to sign the note in the first place? How came the note to have plaintiff's name inserted in it as payee? How came the note into the possession of plaintiff? The circumstances showed quite clearly that the intermediary between Aubel and plaintiff in negotiating the loan evidenced by the note was E. J. Otto. Otto's letter to Aubel (addressed as Cliff) suggesting that the latter sign the note, assuring him that he, E. J. Otto, would look after it, had competent evidential significance. The letter, in part, continued:

"If this isn't O. K. Cliff send word back by Dad.

"P. S. Cliff I got the party to agree to 5½% interest, which is very reasonable. . I didn't put the name of the man on the note. I will do that later. . . . It is Mr. Cross that runs the filling station. Now you do as you like about this. . . ."

F. C. Otto, father, and E. J. Otto, son, were operating the bank at Riley in which plaintiff kept his deposit account, and manifestly it was E. J. Otto's awareness of the size of that deposit which prompted him to try to obtain a loan of $2,000 from plaintiff for his brother-in-law Aubel and prompted the writing of the letter; and its receipt by Aubel and the assurances given therein by the writer were what induced Aubel to execute the note. Aubel testified that Otto brought the note to him for his signature. Aubel testified that shortly after executing the note he requested a statement which the bank and the Ottos furnished to him. It reads:

"COMPLIMENTS OF RILEY STATE BANK
Riley, Kansas
"A Good Place To Do All Your Banking.

"On February 27, 1933, C. E. Aubel borrowed $2,000 from James W. Cross, of Riley, Kansas, for which he gave his note (unsecured). This note was endorsed by myself and son E. J. Otto.

"This money was borrowed for me and will be paid by me, and I hereby excuse said C. E. Aubel from all liability as maker of this note.

E. J. Otto, Witness" F. C. Otto.

In 1939, when plaintiff first made personal contact with defendant seeking payment of the note, defendant said he wanted to see Ed Otto first. He testified:

"I wanted to see Ed Otto because that is the first I had seen the note since it was first signed. I wanted to know about it. I went up to see Ed Otto that night, or the next night or two. I asked him about the note.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"He said it was all right, it hadn't been paid. I said, 'I noticed on the back of it that the interest hadn't been paid.' He said, 'That has been paid to January 1, 1939.' I said, 'Mr. Cross is coming back about this.' He said, 'When he comes back see that that is on the note, endorsed on there, that that interest is paid.'"

The fact that defendant wanted to consult with Ed (E. J.) Otto before taking any positive stand in respect to the note was also of probative significance that E. J. Otto had acted as his agent. Moreover, it only needed the advice of E. J. Otto to induce the defendant personally to write on the back of the note the words appearing thereon, viz.: "Interest paid in full to Jan. 1, 1939," to which entry by defendant the plaintiff subscribed his name as witness.

The evidence did not show that plaintiff knew that Aubel was an accommodation maker for the Ottos or either of them, if such was the fact; and, even so, defendant could not escape liability since plaintiff was a holder for value. (G. S. 1935, 52-302, 52-306; *Security Nat'l Bank v. West,* 120 Kan. 434, 437-438, 243 Pac. 1014; *Skaer v. American Nat'l Bank,* 127 Kan. 682, 275 Pac. 185; *Walker v. Reese,* 131 Kan. 200, 289 Pac. 425.) The alteration of the rate of interest from 5½ percent to 6 percent was clearly shown to have been made by E. J. Otto, to induce plaintiff to refrain from insisting on payment of the note. In that situation the note was enforceable according to its original tenor. (G. S. 1935, 52-906.) Whether under the circumstances plaintiff could have insisted on the altered rate of interest we need not consider. In *Sublette v. Brewington,* 139 Mo. App. 410, 415, 122 S. W. 1150, it was well said that "there is no question better settled than that the acts of the agent within the scope or apparent scope of his authority is binding upon the prin-

cipal." There is, of course, a rule of law that an agent's authority terminates when the transaction requiring his agency is completed; but here the understanding between Aubel and E. J. Otto was that the latter was to continue to attend to Aubel's obligation on the note so that the latter would never need to be concerned about it. But when advised by his agent that the interest due on January 1, 1939, had been paid, defendant Aubel without further hesitation endorsed that interest payment on the note. That act could fairly be construed as a ratification of Otto's payment if his authority to act were less clear than indicated by the other evidence in the case. See exhaustive discussion on this general subject in *Farm and Home Savings and Loan Assn. v. Stubbs,* 231 Mo. App. 87, 98 S. W. 2d 320; also annotation on Alteration of Instrument by Agent as Binding on Principal in 51 A. L. R. 1229 *et seq.;* and *Gorrill v. Goff,* 148 Kan. 765, 84 P. 2d 953.

The judgment is affirmed.