No. 37,083

FEDERAL DEPOSIT INSURANCE CORPORATION, *Appellant* and *Appellee,* v. H. J. CLOONAN, *Appellee,* and HELEN M. CLOONAN, *Appellant.*

No. 37,084

FEDERAL DEPOSIT INSURANCE CORPORATION, *Appellant,* v. H. J. CLOONAN, *Appellee.*

No. 37,085

FEDERAL DEPOSIT INSURANCE CORPORATION, *Appellant,* v. H. J. CLOONAN, *Appellee.*

(196 P. 2d 195)

Opinion filed July 10, 1948.

*A. L. Foster,* of Parsons, argued the cause for appellant Federal Deposit Insurance Corporation.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for appellee H. J. Cloonan, and appellant Helen M. Cloonan.

The opinion of the court was delivered by

PARKER, J.: In these three actions, consolidated in this court for appellate purposes, the plaintiff is attempting to recover a judgment against the defendant, H. J. Cloonan, on three promissory

notes. The plaintiff appeals from a judgment sustaining such defendant's demurrers to its amended petitions.

Case No. 37,083 presents one additional issue. Helen M. Cloonan, joined with her husband H. J. Cloonan as a party defendant in that action, appeals from a judgment overruling her demurrer to the amended petition. No further attention will be given this phase of the appeal until the issue common to all cases has been outlined and determined. Until it is discussed the words "defendant" or "appellee" have reference to H. J. Cloonan only and the word "appellant" signifies the plaintiff corporation.

The theory on which plaintiff bases its right of recovery against the defendant cannot be clearly visualized except by a detailed recital of the allegations set forth in one of the involved pleadings. Therefore we feel impelled to quote at length from the amended petition in case No. 37,084 which, omitting formal matters and other allegations not deemed material, reads:

"3. That defendant H. J. Cloonan is a resident of Labette County, Kansas, his post office address being 4250 Main Street, Parsons, Kansas. That the residence or whereabouts of defendant H. M. Blankenship is at this time unknown to plaintiff.

"4. That from on or about the month of December, 1938, defendant H. J. Cloonan was engaged in the automobile and garage business in the City of Parsons, Kansas. . . .

"5. The Exchange State Bank of Parsons, Parsons, Kansas, was a corporation duly created, organized and existing under and by virtue of the laws of the State of Kansas and at all times mentioned herein carried on a banking business at 1817 Main Street, Parsons, Kansas, until June 21, 1941, when it closed its doors. During the interim of time from December, 1938, to June 21, 1941, said defendant was a patron of said Bank.

"6. That said Bank, from August 23, 1935, to June 21, 1941, the date upon which it closed its doors, was an insured bank of and in Federal Deposit Insurance Corporation of United States, as evidenced by Certificate No. 11,773.

"7. That on or about January 3, 1941, one Harold Evert Reece was a director, officer, agent, and employee of and at said time was holding the office of Cashier of said Bank. He continued in such official capacity until April 5, 1941, when he became President of said Bank, which office he held until May 31, 1941, when he resigned.

"8. That on or about January 3, 1941, one William Adelbert Smith was a director, officer, agent and employee of and at said time was holding the office of Assistant Cashier of said Bank. He continued in such official capacity until April 5, 1941, when he became Cashier of said Bank, which office he held until June 21, 1941, when said Bank closed its doors.

"9. That on March 27, 1941, H. J. Cloonan was indebted to said Bank in the sum of $11,850 for money which he had received out of the funds of said

Bank. That said sum of money and the various portions thereof constituted excess loans and was in excess of any amount which said Bank could legally loan to said H. J. Cloonan at the time the same were made, and was obtained wrongfully and unlawfully in violation of law hereinafter cited; and was part and parcel of the conspiracy hereinafter alleged.

"10. That on March 27, 1941, when said H. J. Cloonan was insolvent and heavily indebted to said Bank and when the said Harold Evert Reece and William Adelbert Smith was each a director, officer, agent and employee of said Bank and holding the office of President and Cashier, respectively, and while so acting had access and control of all the records, funds, moneys and credits of said Bank, the said Harold Evert Reece, William Adelbert Smith and H. J. Cloonan, with the intent to cheat, injure, defraud, and deceive said Bank, its depositors, the bank examiners of the State of Kansas, Federal Deposit Insurance Corporation and its examiners, schemed, planned, and conspired together to conceal the fact that said sum of money had been so turned over to said defendant H. J. Cloonan as such excess loans and that he and no other owed said obligation to said Bank; that in furtherance of said scheme, plan and conspiracy directed and caused one H. M. Blankenship to make, execute, and deliver to said Bank his promissory note in writing, dated March 27, 1941, due May 26, 1941. That said instrument was numbered 38058 in said Bank and shown therein as an asset thereof. . . . That said instrument, in truth and in fact, evidenced the indebtedness of said H. J. Cloonan and was for money which the said H. J. Cloonan had so received from said Bank in excess of any sum or sums which said Bank could legally have loaned to him. That said instrument was so made for the purpose of deceiving the corporation and persons aforesaid and to induce them to believe that said instrument was the obligation of H. M. Blankenship and not the defendant H. J. Cloonan. That said H. M. Blankenship was insolvent and was without assets or credits with which to pay said note or any material portion thereof at said time and did not intend to pay the same, all of which was well known to said conspirators, who knew that said instrument was not what it purported to be—a good and valid note of H. M. Blankenship—but was being used for the purpose of deceiving, injuring and defrauding the corporations and persons aforesaid. That in furtherance of said conspiracy said defendant H. J. Cloonan and his said co-conspirators, on May 28, 1941, caused a renewal note thereof to be made by said H. M. Blankenship, numbered 38541 and carried on the records of said Bank as an asset thereof. . . .

"11. That said promissory note, to-wit: Exhibit A. was by the said H. J. Cloonan and his co-conspirators caused to be made, executed and delivered and entered upon the books and records of said Bank falsely and fraudulently with the intent to cheat, injure, defraud and deceive said Bank, its depositors, Federal Deposit Insurance Corporation, its officers, agents and examiners, wrongfully and unlawfully and in violation of law, to-wit: 12 U. S. C. A. 592; 12 U. S. C. A. 264 (s), and in furtherance of the scheme, plan and conspiracy as above stated.

"12. That said promissory note herein sued upon does in truth and in fact represent said obligation of said H. J. Cloonan.

"13. That on June 21, 1941, for value received without notice of said con-

spiracy or any defects of infirmities in said instrument and having been deceived by said conspiracy and the facts above stated, plaintiff, for valuable consideration, purchased said note and is now the owner and holder thereof in due course.

"14. That plaintiff has made demand upon said defendants and each of them for payment of said obligation and that payment has been refused and no part thereof has been paid."

So far as they relate to the basic theory on which plaintiff predicates its right of recovery the allegations òf the pleading just quoted and those of the amended petitions in cases Nos. 37,083 and 37,085 are identical. However, it should be pointed out that in No. 37,083 the note in question is signed by defendant's wife alone, while in No. 37,085 the only signature appearing on a similar instrument is that of Max Christman.

In his brief and in oral argument counsel for appellant, although vigorously contending that the amended petitions state a cause of action against the appellee, frankly and with commendable candor concedes that appellant must stand or fall upon the premise that all three actions are upon the notes and nothing else. Stated in a different manner it is appellant's position that appellee is liable upon the three instruments sued on to the same extent as though his signature had been affixed to and appeared thereon.

We think the short and simple answer to all of appellant's contentions with respect to its position is to be found in the negotiable instruments law of this state.

G. S. 1935, 52-218, which has been in force and effect since 1905, provides:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided; . . ."

No claim is made that any of the notes sued on come within any of the exceptions referred to in the foregoing section of the statute and no decision of this court is cited wherein it has ever been held that there can be recovery on a note against a party who is not one of its signatories. We are not now disposed to so hold. This conclusion is, of course, in no sense to be construed, assuming the correctness of the allegations set forth in the amended petition heretofore quoted, as an indication there is no redress for a situation of the character set forth in such pleading. It simply means that so far as appellee is concerned appellant's remedy was not on the notes and that whatever rights it may have had or may now have against him are not subjects for review on an appeal where the sole question

involved is whether, in actions based on such instruments, its amended petitions state causes of action against him.

The fact, if it is a fact, that appellee may have violated the provisions of 12 U. S. C. A. 592 and 12 U. S. C. A. 264 (s), as alleged in paragraph 11 of the quoted pleading, and therefore become subject to the penalties therein specified, does not require this court to hold, as appellant contends, that he is liable on the instruments in question regardless of the provisions of the negotiable instrument code of its own state to the contrary. Besides the sections of United States Code Annotated to which we have just referred do not provide that violations of their terms make an individual liable on a note on which his signature does not appear, and we know of no federal statute that does. In that situation we think the rule announced in *Erie R. Co. v. Tompkins*, 304 U. S. 64, 82 L. Ed. 1188, 58 S. Ct. 817, is more in point than the federal cases cited by appellant in support of its contention.

In the opinion in that case it was said:

"Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. And whether the law of the State shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a State whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts. . . ." (304 U. S. 78.)

Moreover, none of the decisions on which appellant relies (see, e. g., *D'Oench D. & Co. v. Federal Deposit Ins. Corp.* 315 U. S. 447, 86 L. Ed. 956, 62 S. Ct. 676; *Deitrick v. Greaney*, 309 U. S. 190, 84 L. Ed. 694, 60 S. Ct. 480; *Federal Savings & Loan Corp. v. Kearney Trust Co.*, 151 Fed. 720; *Federal Savings & Loan Ins. Corp. v. Third Nat. Bank*, 153 Fed. 2d 678; *Hayes v. U. S.*, 169 Fed. 101), go so far as to hold that a cause of action upon a note exists against a person whose name does not appear upon the face of the instrument sued on.

Turning to Mrs. Cloonan's appeal from the order overruling her demurrer to the amended petition in case No. 37,083 we have no hesitancy in holding such action is founded upon a note. In fact the pleading in that case expressly states "That said promissory note herein sued upon is a renewal of the obligation evidenced by said note dated January 21, 1941." With such an allegation and

others of a similar nature there is no sound basis for any contention to the contrary.

Neither do we have any difficulty in concluding the amended petition states a cause of action. It charges execution and delivery of the note sued on, it sets forth a copy of the instrument and it alleges, without disclosing anything to the contrary, the appellee corporation was the purchaser thereof for a valuable consideration and is now its owner and holder in due course. That is clearly sufficient to withstand a demurrer based upon the premise appellee had failed to state a cause of action.

Conceding the amended petition contains allegations that Mrs. Cloonan signed the note as an accommodation party and received no monetary consideration therefor does not make such pleading defective. Under our statute (G. S. 1935, 52-306) and our decisions (see *Bank v. Watson*, 99 Kan. 686, 163 Pac. 637; *Sluss v. Brown-Crummer Inv. Co.*, 145 Kan. 12, 64 P. 2d 23; *Cross v. Aubel*, 154 Kan. 507, 119 P. 2d 490) an accommodation party who signs a note as maker is liable to a holder for value.

The judgment sustaining J. M. Cloonan's demurrers to the petitions in each of the three cases here involved is affirmed. The judgment overruling Helen M. Cloonan's demurrer in case No. 37,083 is also affirmed.